UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PABLO ALDANA LIRA,<br><br>Plaintiff,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC., et al.,<br><br>Defendants. | Case No. 17-cv-02588-JSW (KAW)<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 53 |

Plaintiff Juan Pablo Aldana Lira filed this case, alleging that Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC terminated his employment because of Plaintiff's disability. (First Amended Compl. ("FAC") ¶ 25, Dkt. No. 35.) On April 30, 2018, the parties filed a joint letter concerning Defendants' subpoena of two of Plaintiff's medical providers for all documents from January 1, 2008 to the present relating to Plaintiff's "medical records, psychiatric records, psychological records, billings, prescription and insurance records." (Joint Discovery Letter at 1, Dkt. No. 53.)

Having considered the papers filed by the parties, and for the reasons set forth below, the Court will permit discovery of medical records pertaining to Plaintiff's HIV diagnosis and related symptoms only.

## I. BACKGROUND

Plaintiff began working for Defendants in January 2008. (FAC ¶ 16.) In February 2012, Plaintiff was diagnosed with HIV. (FAC ¶ 18.) As a result, Plaintiff suffered complications including fatigue, severe headaches, nausea, vomiting, muscle aches, joint pain, diarrhea, and insomnia. (FAC ¶ 19.)

In February 2012, Plaintiff's doctor placed him on a medical leave of absence. (FAC ¶ 20.)

On February 18, 2012, Plaintiff gave his store manager, Don Carvalho, a handwritten doctor's note explaining his need for a medical leave of absence due to his disability. (FAC ¶ 22.) Mr. Carvalho gave the note to the General Manager/Restaurateur, Evange DeKaristo. Mr. DeKaristo then met with Plaintiff and told him that the doctor's note was insufficient because it was handwritten, rather than typed. Mr. DeKaristo stated that Plaintiff had to provide a more professional doctor's note. When Plaintiff requested the return of the handwritten doctor's note, Mr. DeKaristo stated that he had already ripped it up and thrown it away. (FAC ¶ 22.)

On February 21, 2012, Plaintiff provided a typed doctor's note. (FAC ¶ 23.) Mr. DeKaristo questioned Plaintiff about his disability, demanding to know his diagnosis and the nature of his disability. Plaintiff, however, refused to disclose his HIV status. (FAC ¶ 23.)

Plaintiff's doctor originally placed Plaintiff on disability leave until March 30, 2012, before extending it to July 18, 2012. (FAC ¶ 24.) On July 11, 2012, Plaintiff's doctor again extended the medical leave of absence to January 18, 2013 due to the persistence of Plaintiff's symptoms. Plaintiff provided written confirmation of the extension to Defendants. (FAC ¶ 24.)

On January 14, 2013, Plaintiff spoke to Mr. DeKaristo about returning to work at the end of his medical leave of absence on January 18, 2013. (FAC ¶ 25.) Mr. DeKaristo told Plaintiff he had already been terminated. (FAC ¶ 25.)

## II. LEGAL STANDARD

Under Rule 26, in a civil action, a party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Additionally, the court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the

scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Rule 45 also specifically provides that "the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. Rule 45 provides, among other things, that a party may command a non-party to testify at a deposition. Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); Fed. R. Civ. P. 34(a)).

### III. DISCUSSION

Defendants seek to enforce subpoenas to two of Plaintiff's medical providers, which seek all documents from January 1, 2008 to the present "[relating to Plaintiff's] medical records, psychiatric records, psychological records, billings, prescription and insurance records." (Discovery Letter at 1.)[1]

First, with regard to medical records, Plaintiff admits that Defendants are "entitled to the medical records pertaining to Plaintiff's disability, HIV, and his related symptoms," but that anything out of this scope is not probative. The Court agrees.

Defendants argue that because Plaintiff has put his medical condition at issue in this suit, any privilege is waived. (Discovery Letter at 4.) While this is true, Defendants must not only demonstrate that the matters sought are not privileged, but that they are relevant. Relevance has been "construed broadly to include 'any matter that bears on any issue that is or may be in this case.'" *Plumlee v. Pfizer, Inc.*, Case No. 13-cv-414-LHK, 2014 WL 690511, at *4 (N.D. Cal. Feb.

---

[1] At the end of their letter, the parties propose that the Court review all records responsive to the subpoenas to determine which documents should be produced. The Court finds this proposal unnecessary in light of the Court's ruling.

3

21, 2014) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1987)). In the instant case, this is not a situation where the details of Plaintiff's medical condition are truly at issue; rather, Plaintiff's case is premised on his having a disability, informing Defendants of his need for medical leave based on that disability, and then being terminated nevertheless. Thus, anything outside of this set of facts has no apparent relation to this case, such as Plaintiff's medical records *prior* to his diagnosis of HIV.

With respect to the relevance of Plaintiff's medical records, Defendants only argue that the records "may reveal when, if at all, Plaintiff notified others of his HIV diagnosis," and that the records "will also confirm when Plaintiff learned of his HIV diagnosis." (Discovery Letter at 4.) Defendants' argument, which is limited to the HIV diagnosis, does not explain why Defendants need any records other than those related to Plaintiff's HIV diagnosis and related symptoms, or how such medical records would have any bearing on this case. Absent any showing of relevance for such records, Defendants are not entitled to such discovery under Rule 26. This includes billings, prescription, and insurance records that are unrelated to Plaintiff's HIV diagnosis and related symptoms.

Second, with regard to mental health records, Plaintiff argues that he has not waived his physician-patient or psychotherapist-patient privileges because he only seeks "garden-variety" emotional distress. (Discovery Letter at 3.) In general, "[c]onfidential communications between a patient and his or her psychotherapist are privileged under California law." *Pathak v. Avis Rent a Car Sys., LLC*, Case No. 13-cv-1823-JSW (LB), 2014 WL 820065, at *2 (N.D. Cal. Feb. 28, 2014). Disclosure of mental health records may be required where "directly relevant to the nature of the specific 'emotional or mental' condition which the patient has voluntarily disclosed and tendered in his pleadings or in answer to discovery inquiries." *In re Lifschutz*, 2 Cal. 3d 415, 431 (1970). Courts in this district, however, have found that "a plaintiff who brings only 'garden variety' claims for emotional distress waives neither the evidentiary privileges nor his right to privacy under California and federal law." *Pathak*, 2014 WL 820065, at *2; *see also EEOC v. Lexus Serramonte*, 237 F.R.D. 220, 224 (N.D. Cal. 2006) (finding no waiver of right of privacy where the plaintiff asserted garden-variety claim for emotional distress and did not intend to

introduce medical records or testimony to support her claim); *Schwenk v. Cty. of Alameda*, No. C-07-849-SBA (EDL), 2011 WL 607101, at *1 (N.D. Cal. Feb. 11, 2011) (denying motion to compel mental health records where the plaintiffs only sought garden-variety emotional distress damages).

In turn, "[g]arden-variety" emotional distress has been defined as "ordinary or commonplace emotional distress" or that which is "simple or usual." *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Cal. 2003). Emotional distress that is not garden-variety "may be complex, such as that resulting in a specific psychiatric disorder," or where there is a claim for intentional infliction of emotional distress. *Ruhlmann v. Ulster Cty. Dep't of Soc. Servs.*, 194 F.R.D. 445, 449 n.6 (N.D.N.Y. 2000); *cf. Schwenk*, 2011 WL 607101, at *1 (finding only garden-variety emotional distress where there was no claim of intentional or negligent infliction of emotional distress). In *Smith v. Equinox Holdings, Inc.*, the district court found that the plaintiff only alleged garden-variety emotional distress where the plaintiff did not bring a claim for intentional or negligent infliction of emotional distress, the emotional distress claim was related to his wrongful termination claim, the plaintiff did not allege a specific mental or psychiatric injury or disorder, the complaint did not allege unusually severe emotional distress damages, and the plaintiff did not intend to offer medical records to support a claim of emotional distress. Case No. 14-cv-846-LB, 2015 WL 628361, at *2 (N.D. Cal. Feb. 12, 2015). In contrast, in *In re Yosemite National Park Hantavirus Litigation*, this Court found more than garden-variety emotional distress was alleged where the plaintiffs had not only brought a claim for negligent infliction of emotional distress, but described symptoms such as hysterical attacks, severe depression, nightmares, and stress. Case No. 14-md-2532-MMC (KAW), 2016 WL 5335550, at *4 N.D. Cal. Sept. 23, 2016).

Here, Plaintiff asserts that as a result of Defendants' discriminatory actions, he "has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort." (FAC ¶ 39.) As in *Smith*, these symptoms are directly related to his employment claims, and do not allege a specific mental or psychiatric injury or disorder. There is also no claim for negligent or intentional infliction of emotional distress, and there is no suggestion that Plaintiff intends to offer medical records to support a claim of emotional distress. The described symptoms

5

do not appear to be particularly severe, to the point that it is beyond the "simple or usual" emotional distress that may be expected from Plaintiff's alleged termination and discrimination suffered. Furthermore, contrary to Defendants' argument, the simple assertion of "mental and emotional distress," without more, does not amount to something more than garden-variety emotional distress, and Defendants point to no case law finding otherwise.[2] *Compare with Serramonte*, 237 F.R.D. at 224 (finding only garden-variety emotional distress where the victim asserted that she experienced distress and humiliation, felt attacked and devalued as a woman, and was nervous, depressed, and occasionally cried). In light of Plaintiff's allegations, the Court finds that Plaintiff has asserted only garden-variety emotional distress, and will therefore not compel the production of his mental health records.

### IV. CONCLUSION

For the reasons stated above, the Court will require the production of only records pertaining to Plaintiff's HIV diagnosis and related symptoms.

IT IS SO ORDERED.

Dated: May 9, 2018

KANDIS A. WESTMORE
United States Magistrate Judge

---

[2] Defendants cite to *Vinson v. Superior Court*; there, however, the plaintiff asserted claims for intentional infliction of severe emotional distress. 43 Cal. 3d 833, 837 (1987).

6