UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PABLO ALDANA LIRA,<br>Plaintiff,<br>v.<br>CHIPOTLE MEXICAN GRILL, INC., et al.,<br>Defendants. | Case No. 17-cv-02588-JSW (KAW)<br><br>**ORDER REGARDING DISCOVERY LETTERS**<br>Re: Dkt. Nos. 66, 67 |

On September 10, 2018, Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC unilaterally filed a discovery letter regarding the depositions of Plaintiff Juan Pablo Aldana Lira and witnesses Adrianna Guzman and Jonathan Poot. (Defs.' Discovery Letter, Dkt. No. 66.) On September 11, 2018, Plaintiff filed his response. (Plf.'s Discovery Letter, Dkt. No. 67.) Normally, the Court would terminate the discovery letter and require that the parties submit a joint letter. Having reviewed Defendants' discovery letter and Plaintiff's response, however, the Court finds it appropriate to rule on the merits.

In the letter, Defendants describe circumstances concerning the depositions of Plaintiff, Ms. Guzman, and Mr. Poot that, if true, strongly suggest that Plaintiff is abusing the discovery process by delaying discovery and misleading Defendants' counsel. For example, Defendants state that Plaintiff's counsel repeatedly rescheduled Plaintiff's deposition, despite Defendants having scheduled the deposition for dates that Plaintiff's counsel previously proposed or said were available. (*See* Discovery Letter at 2-3.) As for Mr. Poot's deposition, Defendants assert that on August 28, 2018, the day before Mr. Poot's deposition, Plaintiff's counsel requested that the deposition begin at 3:00 p.m. because Mr. Poot had to work until 2:00 p.m. (*Id.* at 3.) At Mr. Poot's deposition on August 29, 2018, Mr. Poot testified that he did not have to work on that day.

1 Moreover, Plaintiff's counsel then prematurely and impermissibly ended the deposition at 1:00

2 p.m., claiming that he had a flight to catch in another case. (*Id.*) Plaintiff also appears to have

3 obstructed Mr. Poot's deposition with objections to questions such as "What is your address?"

4 (*Id.*) Finally, on the day before Ms. Guzman's deposition, Plaintiff's counsel informed Defendants

5 that Ms. Guzman would not appear because the subpoena purportedly stated that the deposition

6 date was August 2, rather than August 28. (*Id.* at 4.) Defendants' process server, notably, is

7 willing to swear under oath that he served Ms. Guzman with a copy of a subpoena that contained

8 the correct August 28 date. (*Id.*)

9 Plaintiff responds that with respect to Plaintiff's deposition, Plaintiff's counsel offered dates

10 that he did not clear with Plaintiff. (Plf.'s Discovery Letter at 2.) Plaintiff also asserts that the

11 only date in September that he is available for deposition is September 27, 2018 because he is

12 traveling. (*Id.* at 2, 4.) As to Mr. Poot's deposition, Plaintiff asserts that Defendants' counsel

13 stated that the deposition would only last a few hours, and that Plaintiff's counsel stated that he

14 had a flight at 1:00 p.m. (*Id.* at 3.) Plaintiff does not dispute that he attempted to move Mr. Poot's

15 deposition to 3:00 p.m. by claiming that Mr. Poot had to work, that Mr. Poot then testified that he

16 did not have to work, or that Plaintiff's counsel objected to basic questions. Finally, Plaintiff

17 claims that Defendants failed to properly serve Ms. Guzman. (*Id.*)

18 The Court finds Plaintiff's response to be unsatisfactory. Furthermore, Plaintiff's behavior

19 has resulted in unnecessary delay, and appears to be in violation of the Court's Guidelines for

20 Professional Conduct. (*See* Guidelines for Professional Conduct 3c ("A lawyer should not engage

21 in delay tactics in scheduling meetings, hearings, or discovery."); 9e ("A lawyer should only delay

22 a deposition if necessary to address legitimate scheduling conflicts. A lawyer should not delay a

23 deposition for bad faith purposes."); 9h ("A lawyer representing a deponent . . . should limit

24 objections to those that are well founded and necessary for the protection of his or her client's

25 interest.").)

26 Accordingly, the Court ORDERS that Plaintiff's deposition proceed on September 25,

27 2018, Ms. Guzman's deposition proceed on September 19, 2018, and Mr. Poot's deposition

28 proceed on September 20, 2018. With respect to Plaintiff's availability, Plaintiff has decided to

bring this case, and has an obligation to diligently prosecute this case, including making himself available for deposition. Plaintiff cannot avoid this obligation by spending the entire month -- except for the one day Defendants' counsel is unavailable -- prior to the October 5, 2018 fact discovery cutoff by traveling. As to Mr. Poot's and Ms. Guzman's depositions, the fact that there are other depositions scheduled for that day is not a reason to delay. The Court notes that there are six Plaintiff's counsel listed on the docket; Plaintiff is responsible for allocating their counsel as necessary to complete fact discovery before the deadline.

If Plaintiff and his witnesses fail to appear at the depositions as ordered prior to the October 5, 2018 fact discovery cutoff, the Court may sanction Plaintiff for violating court orders or under its inherent authority to sanction for bad faith conduct.[1] *See* Federal Rule of Civil Procedure 37; *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001). Further, if Plaintiff displays similar behavior in the future, the Court will be inclined to impose sanctions.

IT IS SO ORDERED.

Dated: September 18, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] The parties may mutually agree and stipulate to moving the depositions to dates *prior* to the October 5, 2018 fact discovery cutoff.